UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT MINICHIELLO,

        Petitioner,                        Case No. 2:20-cv-13263
                                                      Honorable Linda V. Parker

v.

GREGORY SKIPPER,

        Respondent.
_____/

**<u>OPINION AND ORDER DISMISSING THE HABEAS PETITION, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL</u>**

      Vincent Minichiello, a Michigan Department of Corrections prisoner, filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges the sentences he received in the Circuit Court for Monroe County, Michigan, for his convictions of assault with intent to do great bodily harm in violation of Michigan Compiled Laws § 750.84, and restricting and obstructing a police officer in violation of Michigan Compiled Laws § 750.81d. The trial court sentenced Petitioner to terms of incarceration of 15 to 40 years and 46 months to 15 years on those convictions, respectively. Petitioner argues that the trial court's departure from the sentencing range calculated under the Michigan Sentencing Guidelines was not justified, and that trial and appellate counsel were

constitutionally ineffective for failing to investigate the correct sentencing guideline scoring range.

After undertaking the review required by Rule 4 of the Rules Governing § 2254 Cases, the Court finds that Petitioner is not entitled to habeas relief on his claims. Accordingly, the Court is dismissing his habeas petition with prejudice. The Court is also denying Petitioner a certificate of appealability and leave to proceed *in forma pauperis* on appeal.

## I. BACKGROUND

Petitioner's convictions arose from "a bare-knuckled and extremely cruel beating" of an elderly man, who was left in a coma and died two months later from his injuries, never having regained consciousness. *People v. Minichiello*, No. 307962, 2013 WL 967599, at *4 (Mich. Ct. App. Feb. 21, 2013). The state court's factual findings are presumed correct on habeas review. 28 U.S.C. § 2254(e)(1); *Wagner v. Smith*, 581 F.3d 410, 413 (6th Cir. 2009). Petitioner originally was charged with attempted murder in violation of Michigan Compiled Laws § 750.83, but was convicted on the lesser included charge of assault with intent to do great bodily harm less than murder, as well as a charge of resisting or obstructing police. *Minichiello*, 2013 WL 967599, at *1, n. 1.

On direct appeal, Petitioner argued that the trial court abused its discretion when it departed from the Michigan sentencing guidelines range and cited factors

in support of the departure which were not objective and verifiable. *Id.* at *1. The calculated range for Petitioner's minimum sentence under Michigan's sentencing guidelines was 43 to 152 months (three years, seven months to twelve years, eight months). *Id*. at *2. Petitioner was sentenced as a fourth habitual offender to 15 to 40 years for the assault charge and 46 months to 15 years for the resisting charge. *Id*. at *1.

The court of appeals took exception with some of the trial court's justifications for the departure sentence, such as Petitioner's failure to assist the victim after the assault. *Id*. at *2. However, it found most of the lower court's reasons "substantial and compelling" and held that the elevated sentence was justified and not disproportionate. *Id*. at *5-6. The Michigan Court of Appeals affirmed Petitioner's sentence. *Id*. at *6. On September 30, 2013, the Michigan Supreme Court denied leave to appeal. *People v. Minichiello*, 843 N.W.2d 123 864 (Mich. 2013). Petitioner's conviction was final on December 29, 2013.

In his application for habeas relief, Petitioner claims he raised a second issue with the trial court in a motion for relief from judgment filed January 1, 2019. (ECF No. 1 at Pg ID 3.) According to Petitioner, he argued that he "was denied the effective assistance of both Trial and Appellant counsel [for] failing to investigate the appropriate Sentencing Guideline Score Range before imposing

3

sentence. The sentences do not comply with the Statute of being a habitual 4th offender, MCL 769.12." (*Id.*)

Petitioner belatedly sought leave to appeal the trial court's denial of his motion for relief from judgment. The appellate court denied leave because Petitioner "failed to file the application within the time period" required by the court rules and no exceptions were met. *People v. Minichiello*, No. 353078 (Mich. Ct. App. March 24, 2020).[1] The Michigan Supreme Court also denied leave to appeal. *People v. Minichiello*, 948 N.W.2d 572 (Mich. 2020).

Petitioner filed his federal habeas corpus petition on December 4, 2020. He raises two claims of error: the unjustified sentence departure and ineffective assistance of counsel.

## II. LEGAL STANDARD

Promptly after the filing of a habeas petition, a federal court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see also* 28 U.S.C. § 2243. If, after preliminary consideration, the court determines

---

[1] "[I]t is well-settled that federal courts may take judicial notice of proceedings in other courts of record." *United States v. Mont*, 723 F. App'x 325, 327 n.3 (6th Cir.), *cert. granted*, 139 S. Ct. 451 (2018), *and aff'd on other grounds*, 139 S. Ct. 1826 (2019) (citation omitted).

that the petitioner is not entitled to relief, the court must summarily dismiss the petition. *Id.*; *see also Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (the district court has the duty to "screen out" petitions that lack merit on their face). No response to a habeas petition is necessary when the petition is frivolous, obviously lacks merit, or where the necessary facts can be determined from the petition itself without consideration of the State's response. *Allen*, 424 F.2d at 141; *Robinson v. Jackson*, 366 F. Supp. 2d 524, 525 (E.D. Mich. 2005).

### III.　DISCUSSION

First, Petitioner's application for habeas relief is subject to dismissal because it is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") mandates a one-year period of limitations for habeas petitions brought by prisoners challenging state court judgments. 28 U.S.C. § 2244(d). Although not jurisdictional, AEDPA's one-year limitations period "effectively bars relief absent a showing that the petition's untimeliness should be excused based on equitable tolling and actual innocence." *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009). "[D]istrict courts *may* 'consider, *sua sponte*, the timeliness of a state prisoner's habeas petition.'" *Shelton v. United States*, 800 F.3d 292, 293-94 (6th Cir. 2015) (emphasis added) (quoting *Day v. McDonough*, 547 U.S. 198, 209 (2006)).

In the present case, Petitioner's direct appeal of his convictions ended when the Michigan Supreme Court denied him leave to appeal on September 30, 2013. Petitioner's conviction became final for purposes of AEDPA's limitations period on December 29, 2013, when the 90-day time period for seeking certiorari with the United States Supreme Court expired. *See Bronaugh v. Ohio*, 235 F.3d 280, 283 (6th Cir. 2000). The limitations period expired one year later. 28 U.S.C. § 2244(d)(1).

Petitioner's application is untimely. The limitations period expired on December 29, 2014. Petitioner did not file his federal habeas petition until December 4, 2020, nearly six years after the deadline. Because the statute of limitations expired before Petitioner filed his post-conviction motion, the motion had no impact on the limitations period even though it raised an ineffective assistance of appellate counsel claim. *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In other words, once the one-year limitations period in § 2244(d)(1)(A) has expired, any state-court motions or petitions for collateral post-conviction relief cannot serve to toll or avoid the limitations period. *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003); *Payton v. Brigano*, 256 F.3d 405, 408 (6th Cir. 2001).

*Day* nevertheless cautions that before acting on its own initiative to dismiss a habeas petition as untimely, a federal district court "must accord the parties fair notice and an opportunity to present their positions." *Shelton v. United States*, 800

F.3d 292, 293-94 (6th Cir. 2015) (citing *Day*, 547 U.S. at 210). "A notice requirement gives petitioners the opportunity to bring essential information not evident from the face of the motion to the court's attention, including the possibility that equitable tolling applies." *Id*. at 295.

However, even if not time-barred, the petition does not survive Rule 4 screening on the merits. This is because Petitioner's sentencing challenge presents only state law issues not cognizable in habeas and the sentence does not otherwise violate his federal or constitutional rights.

Petitioner argues that the trial court lacked "substantial and compelling" reasons to impose a sentence above the minimum range calculated under the Michigan sentencing guidelines. A claim that the trial court violated state law when it sentenced a petitioner is not cognizable in habeas corpus proceedings. *See Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003); *see also Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Petitioner's argument that the trial court's departure from the calculated guidelines range was not justified (ECF No. 1 at Pg ID 3) is not cognizable, as it implicates "state law and procedure . . . [but not] federal constitutional protections." *Cook v. Stegall*, 56 F. Supp. 2d. 788, 797 (6th Cir. 1999) (citing *Estelle*, 502 U.S. 62).

More generally, a sentence within state statutory limits will not be set aside based on claims of unfairness or an abuse of discretion "unless the sentence is so

7

disproportionate to the crime as to be completely arbitrary and shocking." *Doyle v. Scutt*, 347 F. Supp. 2d 474, 485 (E.D. Mich. 2004). That is, a habeas petitioner arguing that a sentence is unjustified or disproportionate must "show that the sentence imposed exceeded the statutory limits or is wholly unauthorized by law." *Vliet v. Renico*, 193 F. Supp. 2d 1010, 1014 (E.D. Mich. 2002) (citing *Haynes v. Butler*, 825 F.2d 921, 923 (5th Cir. 1987)). This is so because "[a] sentence within the statutory maximum set by statute generally does not constitute 'cruel and unusual punishment.'" *United States v. Moore*, 643 F.3d 451, 455 (6th Cir. 2011) (citing *United States v. Layne*, 324 F.3d 464, 474 (6th Cir. 2003)).

Petitioner's sentences are within the statutory maximum set by the Michigan statutory sentencing scheme and are not arbitrary or shocking. Michigan's sentencing enhancement law for offenders who, like Petitioner, have been convicted of at least three prior felonies authorizes a maximum sentence of life for a subsequent conviction which is otherwise punishable by a maximum term of five years or more. Mich. Comp. Laws § 769.12. The statute for assault with intent to do great bodily harm authorizes a ten-year maximum sentence.[2] Mich. Comp. Laws § 750.84. Thus, as Petitioner's sentence of 15 to 40 years is less than life, it

---

[2] The pertinent terms of Mich. Comp. Laws §§ 750.84 and 769.12 are unchanged from the versions in existence at the time of Petitioner's offense in November 2010. *See* P.A. 2012, No. 319 (S.B. 1109), Eff. Oct. 1, 2012 (amending section 769.12); P.A. 2012, No. 367 (S.B. 848), Eff. April 1, 2013 (amending section 750.84).

is authorized by Michigan law.  In addition, Petitioner's sentence is neither arbitrary nor shocking when considered in light of the facts of the case.  *See Minichiello*, 2013 WL 967599, at *2, 4.  It is also not shocking against a criminal record reflecting "one or more offenses in consecutive years, over more than two decades, with the exception of a year or two." *Id*. at *3.

Petitioner also is not entitled to relief on his related ineffective assistance of counsel claim.  Petitioner claims he received ineffective assistance of trial and appellate counsel because counsel failed "to investigate the appropriate Sentencing Guideline Score Range[.]"  (ECF No. 1 at Pg ID 3.)  Petitioner does not explain what counsel might have uncovered with proper investigation that would have resulted in a different sentence, and the Court has no obligation to comb the record to support his argument.  *See United States v. Gray*, 692 F.3d 514, 521 (6th Cir. 2012) (citing *United States v. Stewart*, 628 F.3d 246, 256 (6th Cir. 2010)) ("Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones") (alteration in original).

Moreover, based on the Michigan Court of Appeals' detailed review of the guideline scoring of Petitioner's sentence and its determination that the upwards departure was justified, the Court finds that any objection by Petitioner's attorneys

would have been futile. This is also so because Petitioner's sentence was authorized by state law and not disproportionate. A lawyer will not be found ineffective for failing to advance a futile or meritless argument. *Downs v. United States*, 879 F.3d 688, 691 (6th Cir. 2018); *Kelly v. Lazaroff*, 846 F.3d 819, 831 (6th Cir. 2017). Petitioner is not entitled to habeas relief.

Petitioner may appeal this decision only if he obtains a certificate of appealability. 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To receive a certificate of appealability, "a petitioner must show that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 336 (2003) (internal quotes and citations omitted).

Reasonable jurists would not find the Court's decision debatable or wrong. The Court therefore is declining to issue a certificate of appealability.

Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

**IT IS FURTHER ORDERED** that because an appeal may not be taken in good faith, Petitioner may not proceed *in forma pauperis* on appeal. 28 U.S.C. § 1915(a)(3).

**IT IS SO ORDERED.**

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: April 30, 2021

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, April 30, 2021, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager