UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

VINCENT MINICHIELLO,

      Petitioner,                       Case No. 2:20-cv-13263
                                                 Honorable Linda V. Parker

v.

GREGORY SKIPPER,

      Respondent.
_____/

## **OPINION AND ORDER DENYING PETITIONER'S RULE 60(b) MOTION AND DENYING PETITIONER A CERTIFICATE OF APPEALABILITY**

Vincent Minichiello, a Michigan Department of Corrections prisoner, filed a *pro se* application for the writ of habeas corpus pursuant to 28 U.S.C. § 2254, which this Court dismissed on April 30, 2021. (ECF No. 5.) The Court held that the petition was untimely, as it was filed nearly six years beyond the one-year statute of limitations in the Antiterrorism and Effective Death Penalty Act of 1996. (*Id.* at Pg ID 34.) Alternatively, the Court held that the grounds asserted in the petition lacked merit. (*Id.* at Pg ID 35-38.) The matter is now before the Court on Petitioner's motion for relief from judgment pursuant to Rule 60(b)(1) of the Federal Rules of Civil Procedure, which was filed, signed, and dated on June 28, 2022. (ECF No. 7.)

Rule 60(b)(1) allows for relief from an order or judgment because of "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b)(1). The Sixth Circuit "has stated that a Rule 60(b)(1) motion is intended to provide relief in only two situations: (1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made an excusable mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002) (citing *Cacevic v. City of Hazel Park*, 226 F.3d 483, 490 (6th Cir. 2000)). Petitioner asserts that his habeas corpus petition was untimely filed because his legal writer failed to timely file it. The Court does not decide whether this assertion justifies Rule 60(b) relief because Rule 60 provides that a motion under subsection (1) "must be made . . . no more than a year after the entry of the judgment or order . . .." Fed. R. Civ. P. 60(b)(c)(1). Petitioner's pending motion therefore is untimely.

Moreover, the Court also dismissed Petitioner's habeas petition because it found no merit in the asserted grounds for relief. In his pending motion, Petitioner does not challenge that conclusion.

For these reasons, the Court is denying Petitioner's Rule 60(b) motion. To the extent Petitioner seeks to challenge this decision, he must obtain a certificate of appealability ("COA"). *See Johnson v. Bell*, 605 F.3d 333, 336 (6th Cir. 2010) (citing *United States v. Hardin*, 481 F.3d 924, 926 (6th Cir. 2007)). A COA may

issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Petitioner cannot make this showing. Moreover, the Court is denying Petitioner leave to appeal in forma pauperis because any appeal could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

Accordingly,

**IT IS ORDERED** that Petitioner's Rule 60(b) motion is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to appeal in forma pauperis are **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: December 7, 2022

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, December 7, 2022, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager

3